UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIDGET JACKMAN as the
next friend of K.J.,

    Plaintiff,

v.                                                     Case No.  8:23-cv-1598-TPB-AEP

KINDERGARTEN PREP, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT"**

This matter is before the Court on "Defendant's Motion to Dismiss for Failure to State a Claim or in the Alternative for More Definite Statement," filed on September 20, 2023.  (Doc. 13).  On October 9, 2023, Plaintiff filed a response in opposition to the motion.  (Doc. 14).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Defendant Kindergarten Prep Inc. ("KPI") is a Florida not-for-profit corporation that provides students with educational opportunities.[2]  Plaintiff, a five-year old

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[2] Plaintiff explains that the primary reason she attended KPI was because of a mutual agreement with Pine View School, a special gifted college preparatory school that allows

African American student, began attending KPI on or about August 21, 2021. She stopped attending, however, in September 2022 when KPI suspended its operations at its main campus due to damage caused by Hurricane Ian. At that time, the director of KPI began to utilize her primary residence to continue KPI's operations.

In her complaint, Plaintiff explains that after KPI suspended its operations and relocated to the private residence, the director sent an invitation to the parents of all students advising them that KPI would be continuing its operations at the same rate – approximately $940 per month. However, Plaintiff claims that she was the only child excluded from the invitation list and was therefore precluded from having the opportunity to continue her education at KPI. She alleges that her parents were intentionally removed and excluded from the mailing list containing invitations due to racial discrimination.

Plaintiff alleges that sometime in April 2022, KPI refused to take any action after one of Plaintiff's kindergarten classmates remarked that she did not want to sit next to Plaintiff because of Plaintiff's race. Plaintiff also claims that in May 2022, during a kindergarten graduation ceremony, she was forced to wear a chef's uniform even though she wanted to dress as a medical doctor – Plaintiff believes that KPI intentionally discouraged her from pursuing her career goals in exchange for a "career in domestic servitude."

---

graduates of KPI to easily transition to advanced level classes. The Pine View School curriculum is designed to ensure that graduates are ready for college level courses, and its students are generally accepted to ivy league schools and other top universities across the nation.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Plaintiff filed this two-count lawsuit, asserting a claim under 42 U.S.C. § 1981 (Count I) and a claim under Title VI of the Civil Rights Act of 1964 (Count II). Defendant has moved to dismiss the complaint, arguing that the allegations of the complaint fall short of alleging actionable discrimination.

*Count I*

Defendant argues that Count I of the complaint should be dismissed because Plaintiff has failed to state a claim for relief. Specifically, Defendant contends that the allegations fail to show the impairment of a contract based on Plaintiff's race.

To state a claim for relief under § 1981, a plaintiff must allege that (1) she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities numerated in the statute. *See, e.g.*, *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016); *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007).

Here, Plaintiff clearly alleges that she is a member of a racial minority – specifically, that she is African American. She generally alleges that Defendant intended to discriminate against her on the basis of her race and describes some incidents that she believes may demonstrate discriminatory intent. Plaintiff also alleges that she was subjected to discrimination with respect to certain activities enumerated under § 1981. In this case, Plaintiff specifically alleges the discrimination concerned her ability to make and enforce contracts – namely, a contract for educational services provided by KPI on the same terms as those enjoyed by white persons. Plaintiff has therefore alleged the loss of an actual contractual interest. This is enough to state a claim for relief under § 1981.

The Court is not persuaded by the distinction that Defendant attempts to draw regarding the operation of KPI "at a private residence" when arguing that Plaintiff cannot state claim for discrimination. On the other hand, the Court agrees that two

allegedly discriminatory incidents identified by Plaintiff (remarks by a fellow kindergarten student, and costumes for the kindergarten graduation ceremony) do not support stand-alone independent discrimination claims under § 1981. However, it is clear that Plaintiff's legal theory in Count I is based on Defendant's alleged racial discrimination concerning Plaintiff's ability to make or enforce *a contract for educational services* rather than those incidents.

Plaintiff is not required to attach any alleged contract to the complaint, even if a contract existed. *See, e.g.*, *Yencarelli v. USAA Casualty Co.*, Case No. 8:17-cv-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017) ("It is adequate for Plaintiff to allege that a contract exists, without attaching the contract to the complaint in federal court."); *TaiDoc Technology Corp. v. Pharma Supply, Inc.*, Case No. 13-80682-CIV-RYSKAMP/HOPKINS, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013) ("The Federal Rules of Civil Procedure do not require the attachment of the contract sued upon.").

Accordingly, Defendant's motion to dismiss is denied as to Count I.

*Count II*

Defendant seeks to dismiss Count II for failure to state a claim based on Plaintiff's failure to sufficiently allege that KPI was receiving federal financial assistance at the time of the alleged discrimination. Title VI prohibits discrimination in federally assisted programs, specifying that no person in the United States shall be excluded from participation in any program or activity receiving federal financial

assistance on the basis of race. To state a claim, Plaintiff must allege facts to show that KPI received federal financial assistance.

In the complaint, Plaintiff alleged that "upon reasonable information and belief, Defendant directly or indirectly receives Federal financial assistance." An allegation made upon information and belief, such as this, is insufficient to state a claim. *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013); *Oueiss v. Saud*, No. 1:20-cv-25022-KMM, 2022 WL 1311114, at *14 (S.D. Fla. Mar. 29, 2022); *Covenant Imaging LLC v. Viking Rigging & Logistics, Inc.*, No. 1:19-cv-23329-UU, 2020 WL 12442002, at *5 (S.D. Fla. Feb. 24, 2020).

The Court will grant leave to amend in the event that Plaintiff may be able to state a facially sufficient claim. The Court notes, however, that merely reciting boilerplate legal conclusions to avoid dismissal is inappropriate, and Plaintiff must allege *facts* to show that KPI was or is receiving federal financial assistance to proceed with a claim under Title VI.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss for Failure to State a Claim or in the Alternative for More Definite Statement" (Doc. 13) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that Count II of the complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. The motion is otherwise **DENIED**.

4. Plaintiff is directed to file an amended complaint on or before October 30, 2023.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**